**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 24-10140 (BLS) |
| | ) |
| | ) |
| BYJU'S ALPHA, INC., | ) Adv. Pro. Case No. 26-50221 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REVERE MASTER SPV LLC SERIES VII, | ) |
| REVERE MASTER SPV LLC, REVERE | ) |
| MANAGER LLC, REVERE SECURITIES LLC, | ) |
| KYLE M. WOOL, JEROME F. NILES, JOSHUA | ) |
| A. SHIPLEY, AND JOHN AND JANE DOES 1- | ) |
| 10, | ) |
| | ) |
| Defendants. | ) |

## GLAS TRUST COMPANY LLC'S MOTION TO INTERVENE

Pursuant to Section 1109(b) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rule of Civil Procedure ("Federal Rule") 24, as made applicable by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7024, GLAS Trust Company LLC ("GLAS") moves for entry of an order substantially in the form of Exhibit A attached hereto (the "Proposed Order") authorizing GLAS, as administrative agent and collateral agent under both the Prepetition Term Loan Facility and Wind-Down Financing Facility, to intervene in the above-captioned adversary proceeding (the "Action"). In support, GLAS states as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

**INTRODUCTION**

1.      On March 13, 2026, the debtor BYJU's Alpha, Inc. (in its capacities as pre-Effective Date Debtor and Post-Effective Date Wind-Down Debtor, the "Debtor") commenced this Action by filing a complaint (the "Complaint") [2] against (i) Revere Master SPV LLC Series VII ("Revere"); (ii) Revere's primary limited liability company, Revere Master SPV LLC ("Revere Master"), (iii) Revere's manager, Revere Manager LLC ("Revere Manager"), (iv) Revere's affiliated broker, Revere Securities LLC ("Revere Securities"), and (v) the current or former principals—Kyle M. Wool ("Wool"), Jerome F. Niles ("Niles"), and Joshua A. Shipley ("Shipley", collectively "Defendants") of Revere and/or its related entities to continue its pursuit of recovering the $533 million (the "Alpha Funds") that was fraudulently transferred away from Debtor. [3]

2.      Defendants, among others, were a crucial part of a fraudulent transfer scheme involving the transfer of the Alpha Funds which were siphoned from the Debtor.  The Alpha Funds were routed through Camshaft Capital Fund, LP ("Camshaft"), a small, unproven hedge fund in Miami, to OCI Limited ("OCI"), an English company, and then to Revere, before ultimately being rerouted to Byju Raveendran ("Raveendran") and his affiliates.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Complaint or Chapter 11 Plan (defined below), as the case may be.

[3]     Reed Smith LLP, as counsel to GLAS, contacted Defendants' counsel by email on May 14, 2026, seeking Defendants' consent to GLAS's intervention, and informing them that GLAS intended to file its motion to intervene on May 20, 2026. On May 18, 2026, counsel for GLAS followed-up, and on May 19, 2026, Defendants' counsel responded, requesting additional information regarding GLAS's position and a copy of this Motion, which counsel for GLAS provided. On May 20, 2026, Defendants' counsel responded that they have not yet spoken to their client regarding GLAS's intervention in this action, so they could not consent or object at that time. That same day, counsel for GLAS responded to Defendants stating that it would file its motion at 3:00 p.m. on May 21, and needed a response from Defendants that morning. As of the time of this filing, Defendants have not advised GLAS of their position.

3. Under the Chapter 11 Plan, the Retained Causes of Action are vested in the Debtor for the benefit of Holders of Allowed claims entitled to Distributable Proceeds, such as the Prepetition Term Loan Lenders. [4] Therefore, GLAS, on behalf of the Lenders, has an interest in Retained Causes of Action, which includes this Action. Additionally, as stated in the Chapter 11 Plan, the Retained Causes of Action and related rights "constitute substantially" all of the assets that were vested in the Debtor thus making proceedings like this Action one of the only sources of further recovery for the Lenders.

4. Pursuant to this Motion, GLAS seeks to intervene in this Action and join the Complaint in full, as it did in Debtor's earlier adversary proceedings against other parties responsible for the taking, transfer, and/or concealment of the Alpha Funds, or the proceeds thereof.[5] This Court granted all of GLAS's previous requests to intervene.

5. GLAS has a substantial interest in participating in this Action because of its roles as administrative agent and collateral agent (in such capacities, together, the "Agent") under both the Prepetition Term Loan Facility and Wind-Down Financing Facility, as the Debtor's largest creditor by far, and as the Debtor's sole equity holder. This Court already determined in related proceedings involving the Debtor's guarantors that GLAS had a "recognizable interest," as "the largest stakeholder," in intervening—there, in separate litigation seeking to hold accountable other

---

[4] On March 31, 2026, the Debtor's Chapter 11 Plan (as hereinafter defined) was confirmed, and the Wind-Down Financing Facility became effective, as evidenced by, among other things, that certain Credit and Guaranty Agreement dated as of March 31, 2026, by and among the Debtor and related entities as the Borrowers, certain Guarantors party thereto, the Lenders party thereto (the "Wind-Down Lenders"; together with the Prepetition Term Loan Lenders, the "Lenders"), and GLAS, as Agent.

[5] *Order Granting GLAS Trust Company LLC's Motion to Intervene in the Adversary Proceeding, BYJU's Alpha, Inc. v. Camshaft Cap. Fund, LP*, Adv. Pro. No. 24-50013 (Bankr. D. Del. Mar. 1, 2024) [D.I. 48]; *Order Granting GLAS Trust Company LLC's Motion to Intervene in the Adversary Proceeding, BYJU's Alpha, Inc. v. Raveendran*, Adv. Pro. No. 25-50526 (Bankr. D. Del. May 7, 2025) [D.I. 23]; *Order Granting GLAS Trust Company LLC's Motion to Intervene in the Adversary Proceeding, BYJU's Alpha, Inc. v. Banker,* Adv. Pro. No. 25-50822 (Bankr. D. Del. July 8, 2025) [D.I. 22].

conspirators (Voizzit) for their coordinated efforts to undermine GLAS's and the Lenders' recovery efforts through their brazen theft of those guarantors' corporate assets.[6]

6.      GLAS also brings unique knowledge and a distinct perspective to the issues here. GLAS is the constant in the sprawling cross-border disputes involving BYJU's organization. As the Court is aware, these matters began in 2022, months before GLAS took control of the Debtor and appointed its current sole governor Tim Pohl, and they have grown to involve proceedings across the United States and the globe.  Unsurprisingly, many of the Complaint's allegations are grounded in first-hand knowledge held by GLAS, on behalf of the Lenders, as well as information GLAS otherwise received or procured.[7]

7.      GLAS's irrefutable interest in this Action cannot be overstated.  GLAS and the Lenders, as noted, are the principal and largest creditor of the Debtor, a special purpose financing vehicle; it has liens in substantially all, if not all, of the Debtor's assets; and it is owed more than $1 billion.[8]  Indeed, the Alpha Funds (along with any interests relating to them) likely constitute the most valuable asset of the Debtor's estate, and they have been the dominant focus of the Debtor's restructuring.[9]  Furthermore, this proceeding marks yet another attempt by GLAS, along

---

[6]    Hr'g Tr. at 18:17-24, *Springer v. Google LLC et al.*, Adv. Pro. No. 24-50233 (BLS) (Bankr. D. Del. Jan. 29, 2025) ("Mot. to Intervene Tr.") (attached hereto as **Exhibit B**).

[7]    *See e.g.,* Compl. ¶¶ 31; Compl. Ex. A (Memorandum Opinion) (granting the Debtor's and GLAS's motion for partial summary judgment, including based on GLAS's investigative work).

[8]    *See Amended Combined Disclosure Statement and Chapter 11 Plan of BYJU's Alpha, Inc.* [D.I. 475] (the "Chapter 11 Plan") ¶ E(ii) (stating that the Debtor is indebted to GLAS, on behalf of the Lenders, in an aggregate amount of not less than $1,189,513,685 in principal outstanding under the Credit Agreement, plus approximately $267,548,427 in outstanding accrued and unpaid premium, interest, fees, and expenses).

[9]    Compl. Ex. A (Memorandum Opinion) ("The Alpha Funds were virtually the Debtor's sole asset, as it had no other known assets, liquid or illiquid."); *see also Declaration of Timothy R. Pohl, Director, CEO, and Secretary of BYJU's Alpha, Inc., in Support of the Debtor's Chapter 11 Petition* [D.I. 3] ("First Day Decl.") ¶¶ 1, 6, 9, 16, 93-95; *see also Declaration of Timothy R. Pohl*, Adv. Pro. Case No. 24-50013 (JTD) [Adv. Pro. D.I. 279] ("Pohl Decl.") ¶¶ 45-47.

with the Debtor, to discover critical and yet-unknown evidence regarding the whereabouts of the Alpha Funds—information that will aid in their overall enforcement efforts around the globe. Therefore, GLAS's ultimate recovery and enforcement strategy will be impacted by the prosecution and resolution of this Action, which seeks to recover $480 million of the Alpha Funds from Revere as subsequent transferee, and to hold Defendants accountable for their involvement in the scheme and cover-up that has underpinned these bankruptcy proceedings to date.

8.      Neither the Debtor nor Defendants will be prejudiced by GLAS's intervention. GLAS joins in full in the allegations in the Debtor's Complaint (and, for the sake of efficiency, does not intend to file a separate complaint though it reserves all rights).  GLAS filed this Motion shortly after the Debtor commenced this Action and Defendants moved to dismiss the Complaint, but before any response to Defendants' motion is due on May 28, 2026. Additionally, GLAS informed the Debtor that it intended to intervene, and the Debtor indicated that it consents to GLAS's intervention.

9.      As this Motion is indisputably timely, there are several bases upon which to allow GLAS's intervention.  *First*, all of the requirements for intervention of right pursuant to Federal Rule 24(a)(2) are satisfied: GLAS possesses direct interests in the subject matter and outcome of the Complaint; the disposition of the Complaint may impair or impede GLAS's ability to protect those interests; and none of the current parties fully represent GLAS's interests.  *Second*, the Court should allow permissive intervention pursuant to Federal Rule 24(b) because GLAS is adopting the Complaint.  Thus, GLAS's position in this Action shares numerous common questions of fact and law with the Complaint.  Moreover, should the Court grant this Motion, GLAS intends to continue working cooperatively with the Debtor, as it has done since becoming the Debtor's sole shareholder in March 2023, to avoid burdening the Court and Defendants with unnecessary and

duplicative filings and motion practice.  *Third*, pursuant to Section 1109 of the Bankruptcy Code and established Third Circuit precedent, GLAS has a broad, if not unconditional, right to intervene. GLAS is a "party in interest" seeking to appear and be heard "on any issue in a case" brought under Chapter 11, which includes adversary proceedings.  11 U.S.C. § 1109(b); *see also Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.)*, 689 F.2d 445, 453 (3d Cir. 1982) (a "party in interest" holds an unqualified right to intervene in adversary proceedings under Section 1109(b)).

10.     Accordingly, GLAS respectfully requests that this Court grant the Motion, permit GLAS to intervene, and further allow GLAS to join the Debtor's Complaint against Defendants.

**JURISDICTION AND VENUE**

11.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b), and the *Amended Standing Order of Reference* from the U.S. District Court for the District of Delaware, dated February 29, 2012.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408-1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

12.     Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the U.S. Bankruptcy Court for the District of Delaware, GLAS consents to the entry of final orders and judgments by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**RELIEF REQUESTED**

13.     By this Motion, GLAS seeks entry of an order, pursuant to Section 1109(b) of the Bankruptcy Code and Federal Rule 24 (made applicable hereto by Bankruptcy Rule 7024), authorizing it to intervene in this Action.

**ARGUMENT**

## I.   GLAS SATISFIES THE REQUIREMENTS FOR INTERVENTION

14.   Under Federal Rule 24(a), made applicable here by Federal Rule of Bankruptcy Procedure 7024, intervention is mandatory when the proposed intervenor either:  (1) is "given an unconditional right to intervene by a federal statute," or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(1)-(2).  Separately, permissive intervention pursuant to Federal Rule 24(b)(1)(B) only requires that the proposed intervenor have "a claim or defense that shares with the main action a common question of law or fact."  *See, e.g., Allentown Cement Co. v. Hong Sung Indus. Co. (In re United Minerals & Grains Corp.)*, 76 B.R. 991, 1000 (Bankr. E.D. Pa. 1987).

15.   As this Court has observed, Federal Rule 24 should be interpreted liberally in favor of intervention.  *See, e.g.*, Mot. to Intervene Tr. at 20:15-19 ("Case law teaches that courts are obliged to liberally construe intervention . . . because courts have the ability to manage the litigation itself to address the risk of duplication or burdensome piling on[.]"); *FTE Networks, Inc. v. Szkaradek*, 2022 U.S. Dist. LEXIS 207725, at *3-4 (D. Del. Nov. 16, 2022) (noting that Federal Rule 24 should be interpreted liberally and granting motion to intervene as a matter of right); *see also* Wright & Miller, 7C Federal Practice and Procedure § 1904 (3d ed. 2023) ("It frequently has been said of Rule 24, as it is of the Civil Rules generally, that it is to be given a liberal construction.")  GLAS satisfies the requirements of any one of the three standards.

**A.** **GLAS Should be Allowed to Intervene as a Matter of Right Under Federal Rule 24(a)(2)**

16.     GLAS meets the requirements for intervention as a matter of right under Federal Rule 24(a)(2).  Courts in the Third Circuit will permit intervention as of right when a movant establishes four elements: (i) a timely application for leave to intervene; (ii) a sufficient interest in the litigation; (iii) a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action; and (iv) inadequate representation of the prospective intervenor's interest by existing parties to the litigation.  *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998); *see also* U*nstoppable Domains Inc. v. Gateway Registry, Inc.*, Civil Action No. 22-948-CFC, 2023 U.S. Dist. LEXIS 108837, at *6-7 (D. Del. June 23, 2023).  Each of these elements is met here.

17.     *First*, there can be no dispute that this Motion is "timely."  In assessing timeliness, the "critical inquiry" is how far the "case" has progressed on the "merits."  *Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995).  There has been no significant progress on the merits here.  The Debtor has recently filed its Complaint, and Defendants have just served their Motion to Dismiss, which is not yet fully briefed, and the parties have not exchanged discovery requests or documents.  Accordingly, neither the Debtor (which consented to intervention) nor Defendants can plausibly claim improper delay or prejudice.  *See Mountain Top*, 72 F.3d at 370 (finding intervention timely even when, unlike here, "some written discovery and settlement negotiations had occurred" over the course of four years but "there were no depositions taken, dispositive motions filed, or decrees entered"); *Casino Caribbean, LLC v. Money Ctrs. of Am., Inc. (In re Money Ctr. of Am., Inc.)*, 544 B.R. 107, 112 (Bankr. D. Del. 2016) (finding delay "de minimis" where "only six months elapsed" between filing of adversary complaint and motion to intervene); *see generally Wallach v. Eaton Corp.*, 837 F.3d 356, 371-72

8

(3d Cir. 2016) (noting the Third Circuit's "general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene") (cleaned-up).  Accordingly, GLAS's Motion is timely.

18.     *Second*, GLAS has sufficient interest in this Action to establish its right to intervene.  The "sufficient interest" standard is a flexible one, and while the Third Circuit has used labels such as "legally cognizable" or "significantly protectable" to describe a "sufficient interest," *Mountain Top*, 72 F.3d at 366, "the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Kleissler*, 157 F.3d at 972.  In the bankruptcy context, creditors have been allowed to intervene when the outcome of the litigation "might impede recovery.*" Casino Caribbean*, 544 B.R. at 115-16 (granting a creditor's motion to intervene).  Here, if the Debtor prevails in this Action against Defendants—key players at the helm of a massive fraudulent scheme—then a meaningful amount of money could be received as Distributable Proceeds, facilitating a greater potential recovery for GLAS, on behalf of the Lenders.  If unsuccessful, however, then the amounts recoverable by GLAS will be less (perhaps materially less).  GLAS therefore has a direct, protectable interest in the outcome of this Action.

19.     *Third*, allowing the existing parties to the Action to proceed without GLAS would impair GLAS's ability to protect its interests, along with those of the Lenders.  In *Mountain Top*, the Third Circuit held that a proposed intervenor need only show that its interests "might become affected or impaired, as a practical matter, by this disposition of the action in their absence." 72 F.3d at 368 (emphasis in original); *see also Brody v. Spang*, 957 F.2d 1108, 1122 (3d Cir. 1992) (in making this determination, the court is required to assess "the practical consequences of the litigation," and "may consider any significant legal effect on the applicant's interest").  As discussed above, the resolution of this Action will materially impact any recovery by GLAS as a

9

result of Defendants' transfers.  Furthermore, GLAS has an interest in discovery obtained in this Action, which should be expected to inform future enforcement efforts.  Because the resolution of this proceeding may compromise its interests and thereby impair or affect its rights, GLAS will be prejudiced if it is unable to intervene here.

20.     *Fourth*, the existing parties do not adequately protect GLAS's interests.  The burden to establish this part of the analysis is "treated as minimal," and requires that the proposed intervenor show only that representation "may be" inadequate.  *Mountain Top*, 72 F.3d at 369 (*quoting Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)); *see also* Wright & Miller, 7C Federal Practice and Procedure § 1909 ("[A]ll reasonable doubts should be resolved in favor of allowing the absentee, who has an interest different from that of any existing party, to intervene so that the absentee may be heard on his own behalf.").  That is the case here.  Defendants are indisputably adverse to GLAS and its interests.  And while GLAS is aligned with Debtor in connection with locating the Alpha Funds and recovering damages, the Debtor does not fully represent GLAS's interests.  That is because only GLAS, as Agent under the Prepetition Term Loan Facility, has the specific interest of protecting and enforcing the interests of the Lenders, while the Debtor's fiduciary duties lie only with itself.  As the Court acknowledged in the *Epic* adversary proceeding, GLAS had certain "peculiar interests" that were not shared by the trustee there.  *See* Mot. to Intervene Tr. at 20:21-21:6.  Lastly, GLAS is the Agent under the Wind-Down Financing Facility that governs the treatment of any proceeds received during the administration of this Action.  GLAS cannot meaningfully consult with the Debtor on the pathway for this Action unless it is able to not only monitor closely but also participate in the progress of this Action.  In short, without being permitted to intervene, the existing parties do not adequately protect GLAS's unique interests in this case.

21.     As GLAS readily satisfies all four elements necessary to establish its entitlement to intervene under Federal Rule 24(a)(2), it should be permitted to intervene.  *See also* Mot. to Intervene Tr. at 20:10-12 ("I find as a threshold matter that GLAS has carried its burden under Rule 24(a). I do believe that they have a right to intervene as of right here.").

**B.      In the Alternative, GLAS Should be Allowed to Permissively Intervene Under Federal Rule 24(b)(1)(B)**

22.     Alternatively, GLAS meets the criteria for permissive intervention.  As noted above, permissive intervention pursuant to Federal Rule 24(b)(1)(B) only requires that the proposed intervenor have "a claim or defense that shares with the main action a common question of law or fact."  *See, e.g., Allentown Cement*, 76 B.R. at 1000 ("[T]he interest of the proposed intervener need not be related to the property or transaction in issue, but merely have a question of law or fact in common with it."); *Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Tr.*, 2018 U.S. Dist. LEXIS 179914, at *17 (D. Del. Oct. 19, 2018) ("[E]ach of the Movants has issues that share a common question of law or fact with the underlying action."). Courts have broader discretion in granting permissive intervention. *See U.S. v. Territory of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014). Federal Rule 24(b)(3) adds that, "in exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

23.     Permissive intervention is warranted here because the Motion is timely and there is a substantial overlap of questions of law and fact between GLAS's position in this Action and the allegations made in the Complaint, as well as the arguments and defenses Defendants are likely to assert in response to both.  Although GLAS reserves its rights to seek to assert additional claims based on the same facts underlying the Complaint, GLAS requests that, at this time, it be deemed to join the Complaint.  As such, the "common question of law or fact" requirement is satisfied.

Also, permitting GLAS to intervene at this time will not unduly delay or prejudice the adjudication of the existing party's rights at this preliminary stage of the case.

24.     Accordingly, GLAS fits squarely within the requirements for permissive intervention under Federal Rule 24(b)(1)(B), and should be permitted to permissively intervene in this Action.

**C.     Section 1109(b) of the Bankruptcy Code Grants GLAS a Broad, if Not Unconditional, Right to Intervene as a "Party in Interest"**

25.     Finally, as noted, Federal Rule 24(a)(1) expressly permits intervention when, as here, the proposed intervenor is "given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a). Because this Action "arises under" and is otherwise "related to" the Debtor's underlying chapter 11 case, and GLAS is a "party in interest" within the meaning of Section 1109(b) of the Bankruptcy Code, GLAS should be permitted to intervene as a matter of right under Federal Rule 24(a)(1) and governing Third Circuit precedent.

26.     Congress "intended" Section 1109(b) "to confer broad standing at the trial level and to continue in the tradition of encouraging and promoting greater participation in reorganization cases." *In re Glob. Indus. Techs.*, 645 F.3d 201, 211 (3d Cir. 2011).  Therefore, under 11 U.S.C. § 1109(b), a "party in interest . . . may raise and may be heard on any issue in a case under this chapter."  Section 1109(b) further defines "party in interest" to include "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee[.]" 11 U.S.C. § 1109(b).  As this Court previously found, GLAS is an "indenture trustee." Mot. to Intervene Tr. at 18:21-23.  GLAS is also a "creditor" of the Debtor (as the Lenders' Agent) and the Debtor's sole "stockholder" as of the date of emergence. *See* Ch. 11 Plan, Art. II.A.  In each of these respects, GLAS is a "party in interest" within the meaning of Section 1109(b). *See In re Global Indus. Techs.*, 645 F.3d 201, 210 (3d Cir.

12

2011) (construing the term "party in interest" to "create a broad right of participation in Chapter 11 cases," and finding that "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding" is a "party in interest").

27.     The Third Circuit found over four decades ago that Section 1109(b) allows for the right of "parties in interest" to intervene in adversary proceedings like this one.  *Marin*, 689 F.2d at 453 (recognizing unqualified right to intervene, because the term "case" under Section 1109(b) includes adversary proceedings); *see Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1238-41 (3d Cir. 1994) (reaffirming the holding of Marin, and finding it applies to both core and noncore disputes); *see also id.* at 1241 ("we conclude that § 1109(b) as interpreted by this Court in Marin gives a creditors' committee an unconditional right to intervene in a non-core, 'related to' proceeding"); *In re Caldor Corp.*, 303 F.3d 161, 169 (2d Cir. 2001) (adopting Marin's interpretation of Section 1109(b) to hold that "the phrase 'any issue in a case' plainly grants a right to raise, appear and be heard on *any issue* regardless whether it arises in a contested matter or any adversary proceeding") (emphasis in original).

28.     On the basis of the Third Circuit's two decisions, courts in this District have held that "parties in interest" have an unqualified right to intervene.[10]  *State Street Bank* is instructive. In that case, though the debtor, unlike GLAS here, may have lacked a "significant financial interest" in the non-debtor adversary proceeding, which involved the potential recharacterization

---

[10]     *See, e.g., In re Big V Holding Corp.*, 2002 U.S. Dist. LEXIS 12609 (D. Del. July 11, 2002) (affirming the UCC's intervention under Federal Rule 24(a)(1)—describing the Third Circuit's position on intervention as of right as "clear," and stating that the UCC had "an unconditional right to intervene under section 1109(b)"); *Casino Caribbean*, 544 B.R. at 109 (Sontchi, J.) (allowing a creditor to intervene under Federal Rule 24(a)(1)—"[t]he Third Circuit has held that § 1109(b) of the Code creates a statutory right of intervention under Rule 24(a)(1)"); *U.S. v. State St. Bank & Trust Co. (In re Scott Cable Commc'ns, Inc.)*, 2002 Bankr. LEXIS 183, at *7 (Bankr. D. Del. Mar. 4, 2002) (Walsh, J.) (allowing the debtor to intervene under Federal Rule 24(a)(1)—"the Third Circuit recognizes that all of the parties listed in § 1109(b) have the absolute right to intervene 'and be heard on any issue in a case under' chapter 11").

of junior secured debt, the resolution of that dispute impacted the bargains reached in the confirmed plan and, as here, the debtor had "relevant [factual] information" that would aid in resolving the dispute.  2002 Bankr. LEXIS 183, at *9, 13.  Thus, the court granted the debtor's motion to intervene under both Federal Rules 24(a)(1) and 24(a)(2).  *Id*. at *15.

29.    Accordingly, the Court should permit GLAS to intervene in this Action.  That said, GLAS is cognizant and respectful of this Court's prior comments concerning whether an unconditional right to intervene exists, and the potential consequences thereof.  *See, e.g.,* Mot. to Intervene Tr. at 14:13-15:6, 18:7-16. GLAS will be prepared to address those comments, if needed or otherwise helpful.  At a minimum, GLAS respectfully submits that Section 1109(b) underscores why it should be allowed to intervene in this case under Federal Rules 24(a)(2) or 24(b).

## II.    GLAS SHOULD BE GRANTED A WAIVER OF FEDERAL RULE 24(c).

30.    As GLAS intends to adopt the Complaint filed by the Debtor, GLAS respectfully requests that this Court waive the requirement under Federal Rule 24(c) that GLAS file a complaint-in-intervention with this Motion.  Such relief is appropriate when, as here, the parties will not be prejudiced by the waiver because the precise nature of GLAS's claims is clear.  *See, e.g., Conforti v. Hanlon*, 2023 U.S. Dist. LEXIS 56359, *11 (D.N.J. Mar. 31, 2023) (observing that "[m]otions to intervene have been granted by courts within the Third Circuit despite a movant's failure to adhere precisely to the requirements of Rule 24(c), where the purpose of intervening was sufficiently clear"); *Associated Builders & Contrs. of W. Pa. v. Cty. of Westmoreland*, 2020 U.S. Dist. LEXIS 10143, *7 (W.D. Pa. Jan. 21, 2020), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 19163 (W.D. Pa. Feb. 5, 2020) ("Here, the intervenors did file a proper motion, and there is enough notice to the other parties of what their position would be in the litigation. Other circuits have held pleadings in other forms to be sufficient to satisfy the requirement of Rule 24(c), as the primary goal is to provide notice to the other

parties."); *see also Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman (In re G-I Holding, Inc.),* 2003 U.S. Dist. LEXIS 21164, *9 (S.D.N.Y. Nov. 25, 2003) ("[A]dopting claims already asserted against a defendant can be sufficient [for purposes of Federal Rule 24(c)] where it does not cause prejudice to the parties."). GLAS therefore requests a waiver of the requirement under Federal Rule 24(c).

15

## NOTICE

31.     Notice of this Motion will be provided to (i) counsel to Debtor and (ii) counsel to Defendants. In light of the nature of the relief requested herein, GLAS submits that no other or further notice need be given.

## NO PRIOR REQUEST

32.     GLAS has not previously made any application in this or any other court for the relief requested herein.

## CONCLUSION

33.     For the reasons set forth above, GLAS respectfully requests entry of an order, substantially in the form annexed hereto as **Exhibit A**, (i) authorizing GLAS to intervene in this Action and (ii) granting GLAS such other and further relief as the Court may deem just and proper.

Dated:  May 21, 2026
Wilmington, Delaware

/s/   Peter J. Keane

**PACHULSKI STANG ZIEHL & JONES LLP**

Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:   (302) 652-4100
Email:   ljones@pszjlaw.com
pkeane@pszjlaw.com

**REED SMITH LLP**

Nicholas B. Vislocky (admitted *pro hac vice*)
Zachary B. Kaye (admitted *pro hac vice*)
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Telephone:   (212) 521-5400
Facsimile:   (212) 521-5450
Email:   nvislocky@reedsmith.com
zkaye@reedsmith.com

*Counsel to GLAS Trust Company LLC*