# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 24-10140 (BLS) |
| | ) |
| | ) |
| BYJU'S ALPHA, INC., | ) Adv. Pro. Case No. 26-50221 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REVERE MASTER SPV LLC SERIES VII, | ) |
| REVERE MASTER SPV LLC, REVERE | ) |
| MANAGER LLC, REVERE SECURITIES LLC, | ) |
| KYLE M. WOOL, JEROME F. NILES, JOSHUA | ) |
| A. SHIPLEY, AND JOHN AND JANE DOES 1- | ) |
| 10, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING GLAS TRUST COMPANY LLC'S**
**MOTION TO INTERVENE IN THE ADVERSARY PROCEEDING**

Upon the motion (the "Motion") of GLAS Trust Company LLC ("GLAS") for entry of an

order, pursuant to 11 U.S.C. § 1109(b) and Federal Rule of Civil Procedure 24, as made applicable

by Federal Rule of Bankruptcy Procedure 7024, authorizing GLAS to intervene in the Adversary

Proceeding; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

having been provided; and it appearing that no other or further notice need be provided; and the

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its creditors, and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation, it is hereby:

**ORDERED** that the Motion is **GRANTED**, and it is further

**ORDERED** that GLAS is authorized to intervene in the Adversary Proceeding and may participate fully therein; and it is further

**ORDERED** that GLAS shall be deemed to have joined the Complaint [Adv. Pro. D.I. 1] (the "Complaint"), subject to GLAS's right to seek to assert additional claims based on the same facts underlying the Complaint; and it is further

**ORDERED** that all pleadings and other papers required to be served on every party in this Adversary Proceeding pursuant to Fed. R. Civ. P. 5 and Fed R. Bankr. P. 7005 shall be served on GLAS; and it is further

**ORDERED** that GLAS is bound to all orders entered in the Adversary Proceeding prior to its intervention to the same extent that the Debtor is bound by those orders; and it is further

**ORDERED** that GLAS is hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED** that this Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.