**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>BYJU'S ALPHA, INC.,[1]<br>Debtor. | Chapter 11<br>Case No. 24-10140 (BLS) |
| BYJU'S ALPHA, INC.,<br>Plaintiff,<br>v.<br>REVERE MASTER SPV LLC SERIES VII, REVERE MASTER SPV LLC, REVERE MANAGER LLC, REVERE SECURITIES LLC, KYLE M. WOOL, JEROME F. NILES, JOSHUA A. SHIPLEY, AND JOHN AND JANE DOES 1–10,<br>Defendants. | Adv. Pro. Case No. 26-50221 (BLS) |

**PLAINTIFF'S OPPOSITION TO REVERE**
**<u>DEFENDANTS' MOTION TO DISMISS ADVERSARY COMPLAINT</u>**


**ESBROOK P.C.**
Scott J. Leonhardt (DE 4885)
Maria Aprile Sawczuk (DE 3320)
800 North King Street, Suite 301
Wilmington, DE 19801
Phone: 302.650.7540
Email: scott.leonhardt@esbrook.com
maria.sawczuk@esbrook.com

-and-

Christopher J. Esbrook (*pro hac vice* forthcoming)
Kirk Watkins (*pro hac vice* forthcoming)
321 North Clark Street, Suite 1930
Chicago, IL 60654
Phone: 312.319.7680
Email: christopher.esbrook@esbrook.com
kirk.watkins@esbrook.com
*Special Litigation Counsel to Debtor*


[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

**TABLE OF CONTENTS**

**Page**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ... 1

SUMMARY OF ARGUMENT ... 1

STATEMENT OF FACTS ... 2

ARGUMENT ... 4

I. Legal Standard ... 4

II. Plaintiff Sufficiently Alleges that Revere Is a Transferee Under Section 550(a), and the Invocation of the "Mere Conduit" Affirmative Defense Is Improper at this Stage. ... 5

III. The Complaint Adequately Alleges that Defendants Are Not Eligible for Protection Under the Section 550(b) Safe Harbor Provisions. ... 8

A. At the outset, the Court should not resolve the Section 550(b) affirmative defenses on a motion to dismiss. ... 8

B. The allegations do not establish on the face of the complaint that Revere provided value or acted in good faith. ... 10

C. Plaintiff more than sufficiently alleges that Defendants had inquiry notice of the fraudulent transfers and did not act in good faith. ... 12

IV. In the Alternative, Dismissal with Prejudice Would Be Inappropriate Because Any Technical Pleading Deficiencies Could Be Cured with an Amendment. ... 14

CONCLUSION ... 16

# TABLE OF AUTHORITIES

Page(s)

Cases

*Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*,
56 F.3d 521 (3d Cir. 1995) .......... 14

*Arnault v. Diamondhead Casino Corp.*,
277 F. Supp. 3d 671 (D. Del. 2017) .......... 15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4, 5

*Astropower Liquidating Trust v. Xantrex Technology, Inc. (In re Astropower Liquidating Trust)*,
2006 WL 1173853 (Bankr. D. Del. Apr. 19, 2006) .......... 6, 8, 14

*Bailey v. Big Sky Motors, Ltd. (In re Ogden)*,
314 F.3d 1190 (10th Cir. 2002) .......... 7

*Bechtel v. Robinson*,
886 F.2d 644 (3d Cir. 1989) .......... 16

*Buckley v. Merrill Lynch & Co. (In re DVI, Inc.)*,
2008 WL 4239120 (Bankr. D. Del. Sept. 16, 2008) .......... 6, 8, 13

*BYJU's Alpha, Inc. v. Camshaft Capital Fund, LP (In re BYJU's Alpha, Inc.)*,
2025 WL 665294 (Bankr. D. Del. Feb. 27, 2025) .......... 6, 7, 10, 13

*Christy v. Alexander & Alexander of N.Y. Inc. (In re Finely, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*,
130 F.3d 52 (2d 1997) .......... 7

*Dole v. Arco Chem. Co.*,
921 F.2d 484 (3d Cir. 1990) .......... 15, 16

*Douris v. Genuardi's Family Markets, Inc.*,
132 F. App'x 425 (3d Cir. 2005) .......... 14

*Finkel v. WeVeel LLC (In re Atomica Design Group)*,
556 B.R. 125 (E.D. Pa. 2016) .......... 9

*Foman v. Davis*,
371 U.S. 178 (1962) .......... 15

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) .......... 4

*Geron v. Central Park Realty Holding Corp. (In re Nanobeak Biotech Inc.)*,
656 B.R. 350 (Bankr. S.D.N.Y. 2024)........................................................................ 10

*Hayes v. Total Equip. & Rental of El Paso, LLC (In re Applied Mach. Rentals, LLC)*,
2026 WL 192608 (Bankr. W.D.N.C. Jan. 23, 2026) ............................................................... 12

*Hayes v. United States (In re Applied Machinery Rentals, LLC)*,
670 B.R. 452 (Bankr. W.D.N.C. 2025) ........................................................................ 9

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) ........................................................................ 5, 11

*In re Envision Healthcare Corp.*,
2019 WL 3494407 (D. Del. Aug. 1, 2019)........................................................................ 5, 11

*In re Fleming Cos.*,
323 B.R. 144 (Bankr. D. Del. 2005)........................................................................ 16

*In re Intel Corp. Microprocessor Antitrust Litig.*,
496 F. Supp. 2d 404 (D. Del. 2007) ........................................................................ 4

*In re Kossoff PLLC*,
2024 WL 1715011 (Bankr. S.D.N.Y. Apr. 19, 2024) ........................................................ 9, 13

*In re Mallinckrodt PLC*,
2024 WL 206682 (Bankr. D. Del. Jan. 18, 2024)........................................................................ 4

*In re Pitts*,
354 B.R. 58 (Bankr. E.D. Pa. 2006) ........................................................................ 13

*In re PMTS Liquidating Corp.*,
490 B.R. 174 (D. Del. 2013)........................................................................ 15

*IRS v. Nordic Village, Inc. (In re Nordic Village, Inc.)*,
915 F.2d 1049 (6th Cir. 1990) ........................................................................ 9

*Lake v. Arnold*,
232 F.3d 360 (3d Cir. 2000) ........................................................................ 15

*Leveto v. Lapina*,
258 F.3d 156 (3d Cir. 2001) ........................................................................ 7

*Lowry v. Sec. Pac. Bus. Credit, Inc. (In re Columbia Data Prods., Inc.)*,
892 F.2d 26 (4th Cir. 1989) ........................................................................ 7

*Official Comm. of Unsecured Creditors v. Guardian Ins. 401 (In re Parcels Consultants, Inc.)*, 287 B.R. 41 (Bankr. D.N.J. 2002) .......... 7

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008) .......... 4

*Phillips v. SS Assocs. LLC (In re ONH AFC CS Investors, LLC)*, 2026 WL 312892 (Bankr. D. Del. Feb. 4, 2026) .......... Passim

*RPA Asset Mgmt. Servs., LLC v. Siffin (In re MTE Holdings LLC)*, 2002 WL 3691822, at *7 (Bankr. D. Del. Aug. 24, 2022) .......... 15

*Seitz v. Frorer (In re Covenant Partners, L.P.)*, 531 B.R. 84 (E.D. Pa. 2015) .......... 10

*Semerenko v. Cendant Corp.*, 223 F.3d 165 (3d Cir. 2000) .......... 4

*Stanziale v. Nachtomi (In re Tower Air, Inc.)*, 416 F.3d 229 (3d Cir. 2005) .......... 6

*U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242 (3d Cir. 2016) .......... 15

*Wasserman v. Bressman (In re Bressman)*, 327 F.3d 229 (3d Cir. 2003) .......... 9

Statutes

6 Del. C. §§ 1304(a)(2) and 1305 .......... 1

11 U.S.C. §§ 544(b)(1) and 550(a)(2) and app .......... 1

Section 550 of the Bankruptcy Code .......... 3, 6

Section 550(a) .......... 5, 8

Section 550(a)(2) of the Bankruptcy Code .......... 2, 5

Section 550(b) .......... 8, 9, 10, 13

Rules

Federal Rule of Civil Procedure 15(a)(2) .......... 15

Rule 15 .......... 16

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

On March 13, 2026, Plaintiff BYJU's Alpha, Inc. (the "*Plaintiff*" or "*Debtor*") commenced this adversary proceeding by filing a complaint (the "*Complaint*" or "*Compl.*") [Adv. D.I. 1] against defendants Revere Master SPV LLC Series VII, Revere Master SPV LLC, Revere Manager LLC, Revere Securities LLC, Kyle Wool, Jerome Niles, and Joshua A. Shipley (collectively, "*Defendants*" or "*Revere*") and certain John and Jane Doe defendants, who have yet to be identified. The Complaint consists of a single count against all Defendants for recovery of a subsequent transfer pursuant to 11 U.S.C. §§ 544(b)(1) and 550(a)(2) and applicable state law (e.g., 6 Del. C. §§ 1304(a)(2) and 1305).

In response to the Complaint, on April 28, 2026, Defendants filed the *Revere Defendants' Motion to Dismiss Adversary Complaint* [Adv. D.I. 6] (the "*Motion*"); and the accompanying *Brief in Support of Defendants' Motion to Dismiss Adversary Complaint* [Adv. D.I. 7]. This brief is in opposition to the Motion.

## SUMMARY OF ARGUMENT

The Defendants ask this Court to dismiss a straightforward claim to recover approximately $480 million in stolen assets that were funneled through Revere as part of a sprawling, multi-entity fraudulent scheme to strip the Debtor of its assets and roundtrip them back to Byju Raveendran ("*Raveendran*") and his affiliates. Put simply, Revere participated in a fraudulent transfer of nearly half a billion dollars in stolen assets, pocketed over $4.6 million in fees for its role in facilitating the scheme, and now asks this Court to bless its windfall by dismissing the Complaint on the pleadings. Put another way, Revere seeks to shield itself from liability for moving $480 million in stolen funds, while arguing that it should keep the $4.6 million fee it "earned" for doing so. The Court should decline the invitation. The Defendants' arguments fail because they mischaracterize both the applicable legal standards and the Complaint's well-pleaded allegations.

Simply put, Revere's Motion relies entirely on shifting its affirmative defense burdens from itself to the Plaintiff. The Plaintiff has clearly established a *prima facie* case that Revere was a mediate transferee of avoided fraudulent transfers pursuant to Section 550(a)(2) of the Bankruptcy Code. Revere's attempts to shift its burden to Plaintiff of proving it was a mere conduit or that it took the transfers for value and in good faith must fail at this early stage in the proceedings.

Even if the Court were to identify any pleading deficiency—and there is none—the proper course is to permit the Debtor leave to amend, consistent with the liberal amendment policy of the Federal Rules and the Third Circuit's strong preference for resolving cases on the merits. Defendants' request for dismissal with prejudice is simply premature and unwarranted.

**STATEMENT OF FACTS**

Plaintiff is a special purpose financing vehicle of its former ultimate corporate parent, Think & Learn Private Ltd. ("*T&L*"). Compl. ¶ 17. Camshaft Capital Fund, LP ("*Camshaft*") is a small, unproven hedge fund in Miami, Florida, and OCI Limited ("*OCI*") is an English 'procurement' company purportedly based in London, England that previously used a WeWork-style co-working facility as its 'Head Office.' *Id.* ¶¶ 1, 28. Defendants are several entities or individuals associated with Revere Master SPV LLC Series VII, a series of a Delaware limited liability company, including the following: Revere Master SPV LLC; Revere Manager LLC, the manager of Revere Master SPV LLC Series VII; Revere Securities LLC, the broker dealer for the Revere entities; Kyle Wool, managing member of Revere Manager LLC and president of wealth management of Revere Securities LLC; Jerome Niles, managing director of Revere Securities LLC; and Joshua A. Shipley, vice president of Revere Securities LLC. *Id.* ¶¶ 18–24.

From March to September 2022, over $480 million in Debtor's assets, the Alpha Funds,[2] were fraudulently transferred from the Debtor to Camshaft, then OCI, then Revere, and ultimately back to T&L or its affiliates and/or principals, including Raveendran. First, between April and July 2022, the Debtor transferred $533 million from Debtor, to Camshaft, to OCI through a series of three Transfers. Compl. ¶¶ 33–38. Then, in June and July 2022, OCI transferred approximately $480 million of the Alpha Funds to Revere in at least five separate transfers, of which Revere ultimately retained $4,626,765 as a purported "fee." *Id.* ¶¶ 48–49. The $480 million in Alpha Funds, less Revere's $4.6 million plus fee, was then ultimately transferred back to T&L, Raveendran, or other affiliates and/or principals. *Id.* ¶¶ 49–51.

The Debtor later initiated an adversary proceeding against Camshaft to void the initial transfers to Camshaft, and on February 27, 2025, this Court granted Debtor's motion for partial summary judgment against Camshaft [Adv. Pro. No. 24-50013, Adv. D.I. 383], finding that the transfers of $533 million constituted actual fraudulent transfers, and entered a Judgement Order on March 14, 2025 formally voiding the Transfers. Compl. ¶ 7.

The Debtor also initiated an adversary proceeding against OCI seeking, among other things, to recover the fraudulently transferred funds from OCI under Section 550 of the Bankruptcy Code. *Id.* ¶ 41. After good-faith, arms'-length negotiations between Debtor and OCI, the parties agreed to the OCI Settlement, which this Court approved on December 1, 2025. *Id.* ¶¶ 42–43. As part of the OCI Settlement proceedings, the Chapman Declaration provided by OCI's founder established, *inter alia*, the dates and amounts of the transfers from OCI to Revere. *Id.* ¶¶ 48–51.

[2] Any capitalized terms not otherwise defined in the Opposition shall have the same definitions as they have in the Complaint.

Revere was not a passive bystander in these transfers. Compl. ¶ 52. Revere actively received, processed, participated in, and facilitated the fraudulent transfer of the Alpha Funds for a multi-million-dollar fee. *Id.* No legitimate financial institution would have received, processed, participated in, and/or facilitated these transactions through a complex, multi-layered chain of transfers originating from a sham hedge fund without recognizing the glaring red flags or without asking basic questions about the source and purpose of the funds. *Id.*

## ARGUMENT

### I. Legal Standard

A Rule 12(b)(6) motion to dismiss serves to test the sufficiency of the complaint, and a court's role is to determine whether the plaintiff is entitled to offer evidence in support of its claims. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000); *In re Mallinckrodt PLC*, 2024 WL 206682, at *13 (Bankr. D. Del. Jan. 18, 2024) (relying on *In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404, 407 (D. Del. 2007)). To decide a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

The Third Circuit has adopted a two-part analysis in deciding a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated" with the reviewing court accepting "all of the complaint's well-pleaded facts as true, but … disregard[ing] any legal conclusions." *Id.* at 210–11. Next, the reviewing court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "The plausibility standard is not akin to a probability

requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. at 678 (internal quotations omitted).

When considering a Rule 12(b)(6) motion to dismiss, the only relevant record for consideration consists of the complaint and any "document[s] integral to or explicitly relied upon in the complaint[.]" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted) (internal quotations omitted). The court may also take judicial notice of matters in the public record, but "only to establish the existence of the [public record], not for the truth of the facts asserted." *In re Envision Healthcare Corp.*, 2019 WL 3494407, at *1 n.2 (D. Del. Aug. 1, 2019) (internal quotations omitted).

## II. Plaintiff Sufficiently Alleges that Revere Is a Transferee Under Section 550(a), and the Invocation of the "Mere Conduit" Affirmative Defense Is Improper at this Stage.

In the Complaint, Plaintiff brings a claim against Revere to recover the Court-avoided fraudulent transfers that it received from OCI as a mediate transferee pursuant to Section 550(a)(2) of the Bankruptcy Code. *See, e.g.*, Compl. ¶ 6. Revere does not dispute any of the allegations showing the initial fraudulent transfer of $533 million of Plaintiff's assets, the later transfer of $480 million of these funds to Revere, or Revere's ultimate retention of $4.6 million of that amount, which are sufficient to establish Revere's "*prima facie* liability as a subsequent transferee on a fraudulent conveyance claim." *Phillips v. SS Assocs. LLC (In re ONH AFC CS Investors, LLC)*, 2026 WL 312892, at *5 (Bankr. D. Del. Feb. 4, 2026) (complaint that sufficiently alleged that defendant who received funds from a fraudulent transferee of the debtor if proven, would be sufficient to establish defendant's *prima facie* liability as a subsequent transferee on a fraudulent conveyance claim). Instead, Revere argues that, under Section 550(a)(2), it is not liable for the receipt of the admittedly avoided fraudulent transfer because the Complaint "does not plausibly allege that Revere was a 'transferee' … rather than a mere conduit." Mot. 16. This argument turns the legal

standard on its head. Plaintiff does not bear the burden of establishing that Defendants are *not* mere conduits; to the contrary, Revere must plead and prove the *affirmative defense* that it *was* a mere conduit, not a transferee. Revere cannot do so at this stage of the case.

Revere's argument is premised on the incorrect assertion that Plaintiff affirmatively must allege that Revere had "dominion and control over the transferred funds … to be considered a transferee under Section 550 of the Bankruptcy Code." Mot. 18 (internal quotations omitted). But as Judge Dorsey observed in another adversary proceeding in this bankruptcy case, "[t]he 'mere conduit' defense is an affirmative defense for which [defendant] has the burden of proof." *BYJU's Alpha, Inc. v. Camshaft Capital Fund, LP (In re BYJU's Alpha, Inc.)*, 2025 WL 665294, at *11 (Bankr. D. Del. Feb. 27, 2025). "The potential availability of an affirmative defense, of course, rarely provides a basis for dismissing a complaint," *ONH AFC CS Investors*, 2026 WL 312892 at *5, and "[t]he 'mere conduit' defense is such an affirmative defense," *Buckley v. Merrill Lynch & Co. (In re DVI, Inc.)*, 2008 WL 4239120, at *3 (Bankr. D. Del. Sept. 16, 2008); *see also Stanziale v. Nachtomi* (*In re Tower Air, Inc.*), 416 F.3d 229, 242 (3d Cir. 2005) ("affirmative defenses generally will not form the basis for dismissal under Rule 12(b)(6)"); *Astropower Liquidating Trust v. Xantrex Technology, Inc. (In re Astropower Liquidating Trust)*, 2006 WL 1173853, at *1 (Bankr. D. Del. Apr. 19, 2006) (mere conduit argument is an affirmative defense not properly raised in a Rule 12(b)(6) motion to dismiss).

None of the authorities referenced in the Motion to Dismiss refute these well-established legal principles. For example, Revere confidently asserts that courts "routinely dismiss claims under Section 550 … when the subsequent transferee did not have dominion or control over the

transferred property." Mot. 19. Yet the string of cases from other circuits Revere cites in support (Mot. 19 n.10) were all decided at the summary judgment stage.[3]

In what appears to be a nod to the weak legal footing upon which Revere's arguments rest, Revere concludes its argument here by stating that even if Plaintiff does not bear the burden of the mere conduit affirmative defense, "dismissal at this stage is still appropriate because … the defense 'appears on the face of the complaint.' " Mot. 20 (*quoting Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)). But as the Court explained in *Camshaft* where the initial transfer was avoided as an actual fraudulent transfer, a court will find that an affirmative defense appears on the face of a complaint "only where a plaintiff includes allegations … incompatible with the conclusion that a defendant had dominion and control—for example, that the defendant was obligated to use the funds received for a third party." *Camshaft*, 2025 WL 659092, at *11. Just as in *Camshaft*, "[t]his is not what occurred here." *Id.*

Instead, Revere relies almost exclusively on the purported lack or omission of "factual allegations showing that [it] had dominion or control over" the Alpha Funds or the perceived failure to "allege [] facts showing Revere controlled" the ultimate destination of the funds. Mot. 19–20. This fixation on any "fail[ure] to allege that [Revere] had dominion or control over the funds at issue" effectively "misunderstand[s] the pleading burdens" and cannot support dismissal "at this stage of the case." *Camshaft*, 2025 WL 659092 at *11–12. Revere also points to allegations that the Alpha Funds ultimately were transferred back to Raveendran and his affiliates and that it was

---

[3] *Bailey v. Big Sky Motors, Ltd. (In re Ogden)*, 314 F.3d 1190, 1195 (10th Cir. 2002) (reviewing "grant of summary judgment to the trustee"); *Christy v. Alexander & Alexander of N.Y. Inc. (In re Finely, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 130 F.3d 52, 55 (2d 1997) (addressing cross-motions for summary judgment); *Lowry v. Sec. Pac. Bus. Credit, Inc. (In re Columbia Data Prods., Inc.)*, 892 F.2d 26, 27 (4th Cir. 1989) (appealing grant of summary judgment from lower court); *Official Comm. of Unsecured Creditors v. Guardian Ins. 401 (In re Parcels Consultants, Inc.)*, 287 B.R. 41, 42 (Bankr. D.N.J. 2002) ("Presently before the court are cross-motions for summary judgment.").

another link in a "daisy chain" of opaque transfers as evidence that Defendants were mere conduits. Mot. 19. But just because Revere eventually transferred part of the Alpha Funds it received to other parties—after keeping over $4.6 million of the proceeds for itself—proving itself to be a good team player in someone else's fraudulent scheme, it does not necessarily follow that Revere did so because it lacked control or dominion over the fraudulently transferred funds. *See DVI*, 2008 WL 4239120 at *3 (holding that allegations in complaint that fraudulently transferred property ultimately was transferred to and ultimately benefited another party was insufficient to establish the mere conduit defense at the pleading stage); *see also Astropower*, 2006 WL 1173853 at *1 (denying motion to dismiss because "assertion that [transferee] lacked dominion and control … because it was contractually obligated to pass [] along" property was "not apparent from the face of the [] Complaint").

Simply put, Plaintiff easily establishes the *prima facie* showing of Revere's liability as a subsequent transferee of an avoided fraudulent transfer, and nothing in the Complaint establishes that Revere lacked control or dominion over the fraudulently transferred funds such that it could be considered a mere conduit at the dismissal stage. Thus, the Court should deny Revere's Motion.

## III. The Complaint Adequately Alleges that Defendants Are Not Eligible for Protection Under the Section 550(b) Safe Harbor Provisions.

### A. At the outset, the Court should not resolve the Section 550(b) affirmative defenses on a motion to dismiss.

As it did with the mere conduit affirmative defense under Section 550(a), Revere tries to improperly shift the pleading burden to Plaintiff. And just as above, these arguments are unavailing and unsupported by the case law.

The Motion seeks dismissal of the Complaint under Section 550(b) of the Bankruptcy Code because, Revere argues, "it is a subsequent transferee who took for value, in good faith and without knowledge of the voidability of the transfer." Mot. 2. This entire argument is premature. Under

Section 550(b), "a subsequent transferee has an affirmative defense to recovery if [he or she] accepted the transfer for value, in good faith, and without knowledge of [its] voidability." *Hayes v. United States (In re Applied Machinery Rentals, LLC)*, 670 B.R. 452, 461 (Bankr. W.D.N.C. 2025). "To survive a motion to dismiss, a plaintiff is not required to plead facts that negate all possible affirmative defenses." *In re Kossoff PLLC*, 2024 WL 1715011, at *3 (Bankr. S.D.N.Y. Apr. 19, 2024); see also *ONH AFC CS Investors*, 2026 WL 312892 at *5 (the "potential availability of [this] affirmative defense … rarely provides a basis for dismissing a complaint."). Good faith under Section 550(b) is an affirmative defense that Revere bears the burden of pleading, the Plaintiff "is not required to plead [a subsequent transferee's] lack of good faith." *Togut v. Roc Le Triomphe Assocs. LLC (In re Kossoff PLLC*), 2024 WL 1715011, at *4.

Revere cites a footnote in *Bressman* and a dissenting opinion in *Nordic Village* that postulate about flipping the traditional burdens of proof for subsequent transferees under Section 550(b). *See* Mot. 21. Regardless of these thought experiments, the actual language of the controlling opinions in those cases confirm that transferees have the burden of pleading and proving any § 550(b) affirmative defenses. *IRS v. Nordic Village, Inc. (In re Nordic Village, Inc.)*, 915 F.2d 1049, 1055–56 (6th Cir. 1990), *rev'd on other grounds*, 503 U.S. 30 (1992) (language of statute gives trustee broad right to recover; and clearly places burden to show value, good faith and lack of knowledge on transferee as a defense); *Wasserman v. Bressman (In re Bressman)*, 327 F.3d 229, 235–36 (3d Cir. 2003) (section 550(b) creates an affirmative defense, with burden of persuasion on transferee). Numerous other courts within the Third Circuit have held similarly. *See, e.g.*, *ONH AFC CS Investors*, 2026 WL 312892 at *5; *Finkel v. WeVeel LLC (In re Atomica Design Group)*, 556 B.R. 125, 172 n.31 (E.D. Pa. 2016) (describing this as "the better-reasoned position");

*Seitz v. Frorer (In re Covenant Partners, L.P.)*, 531 B.R. 84, 93–94 (E.D. Pa. 2015) ("An affirmative defense such as good faith should be raised later.").

Revere cannot point to any allegations where Plaintiff conclusively establishes any elements of the affirmative defenses under Section 550(b) or otherwise pleads itself out of court. Thus, the Court should summarily deny the Motion to Dismiss on this issue, allowing Revere to assert whatever affirmative defenses it sees fit in its Answer and permitting the parties to explore any fact issues surrounding them during discovery.

**B. The allegations do not establish on the face of the complaint that Revere provided value or acted in good faith.**

Revere argues that the Complaint should be dismissed because it "fails to plausibly allege that OCI did not receive value in exchange for its transfers to Defendants" or that "Defendants received the transferred funds from OCI in bad faith." Mot. 22, 23. Yet again, this argument "misunderstands the pleading burdens" for Revere's potential affirmative defenses. *Camshaft*, 2025 WL 659092 at *11. "[A] plaintiff need not plead a defendant's bad faith (or lack of good faith)," or the non-receipt of value, "at the motion to dismiss stage." *Geron v. Central Park Realty Holding Corp. (In re Nanobeak Biotech Inc.)*, 656 B.R. 350, 367 (Bankr. S.D.N.Y. 2024). Rather, a plaintiff's claims will be subject to dismissal under Section 550(b) only if the complaint contains allegations "in which the availability of the affirmative defense is apparent," such as those that would "contradict the conclusion" that Revere did not accept the Alpha Funds for value nor in good faith. *Camshaft*, 2025 WL 659092 at *11. That simply is not the case here.

Nowhere does the Complaint allege that Revere provided anything of value to OCI in connection with the transfers of the Alpha Funds. Conversely, there are multiple factual allegations that go beyond simply stating that OCI received "no value" and showing that Revere in fact provided no value. Specifically, Plaintiff alleges that: (i) "upon information and belief, [Revere] served no

legitimate commercial purposes" in connection with the transfers (Compl. ¶ 6); (ii) Revere, along with other intermediaries "collected millions of dollars in fees for facilitating the movement of stolen funds" (*id.* ¶ 39); and (iii) the Alpha Funds transferred to Revere "were never a legitimate investment or payment for procurement services" (*id.* ¶ 47). The Complaint also alleges Revere's active participation in the scheme to move for the sake of movement hundreds of millions of dollars in the Alpha Funds to and from various sham entities and, critically, that "[n]o legitimate financial institution would receive and process $480 million through a complex, multi-layered chain of transfers" serving no business purpose. Compl. ¶ 52.

In a desperate attempt to try to show that the face of the Complaint affirmatively establishes that Defendants 'took for value, in good faith and without knowledge of the voidability of the transfer,' Revere refers to a spreadsheet (the "*Spreadsheet*") created by a French law firm representing one of the architects of the fraud in a Singaporean international arbitration, prepared just eight days before Revere's motion was filed, and which was created for use in an adversarial capacity and attached as an exhibit to a damages brief in another proceeding in this bankruptcy case. *See* App'x [Adv. D.I. 8], A1014, A1019, Spreadsheet at 3, 8; Decl. of J. Michael McNutt in Support of Def.'s Br. on Damages, *BYJU's Alpha, Inc. v. Raveendran*, Adv. Pro. No. 25-50526 (Bankr. D. Del. Apr. 2, 2026) [Adv. D.I. 205]. In the context of a motion to dismiss, Revere cannot rely on extrinsic evidence not contained in the complaint or its exhibits, or which is not a (i) "document integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), or (ii) in the public record, but only for the purpose of taking judicial notice and "only to establish the existence of the [public record], not for the truth of the facts asserted," *In re Envision Healthcare Corp.*, 2019 WL 3494407, at *1 n.2 (D. Del. Aug. 1, 2019) (internal quotations omitted). Revere tries to admit this document, not merely to

show that it was filed, but to establish its contents as judicial facts. *See* Mot. 23 (arguing the "OCI did receive such consideration" in connection with the transfers). The Court should disregard the extrinsic evidence inappropriately submitted by Revere at this stage of the proceedings.

Even if the Court considers materials outside the Complaint, the Spreadsheet is, at best, disputed and self-serving, and does not establish as a matter of law that value was exchanged. The Complaint alleges that Revere received approximately $480 million from OCI as part of a fraudulent scheme to misappropriate the Alpha Funds. Compl. ¶¶ 4, 52. Where, as here, the Complaint alleges that the transfers were integral to a fraudulent scheme, the Court may reasonably infer that the transactions were not conducted at arm's length and did not involve a genuine exchange of value, in deciding a motion to dismiss. *Hayes v. Total Equip. & Rental of El Paso, LLC (In re Applied Mach. Rentals, LLC)*, 2026 WL 192608, at *7 (Bankr. W.D.N.C. Jan. 23, 2026).

**C. Plaintiff more than sufficiently alleges that Defendants had inquiry notice of the fraudulent transfers and did not act in good faith.**

As discussed above, Plaintiff has established—and Revere does not dispute for purposes of its Motion to Dismiss—that there was an initial fraudulent transfer of $533 million of Plaintiff's assets, that $480 million of these funds subsequently were transferred to Revere, and that Revere eventually retained $4.6 million of that amount before facilitating further transfers of the remaining funds. *See supra* at 2. This alone is sufficient to establish Revere's "prima facie liability as a subsequent transferee on a fraudulent conveyance claim" and state a claim for purposes of Rule 12(b)(6). *ONH AFC CS Investors*, 2026 WL 312892 at *5. Plaintiff also alleges additional facts showing that Revere had inquiry notice of the voidability of these transactions, such as: (1) the "exponentially large[]" size of the transfer; (2) the lack of "downside exposure" to Revere; (3) the excessive upfront fees received; and (4) the disconnect between the deal terms and economic substance. Compl. ¶ 60(c). None of these allegations establish "the availability of [a § 550(b)]

affirmative defense" or "contradict the conclusion" that Revere had inquiry notice of the voidability of the transaction, and thus do not affect the analysis under Rule 12(b)(6) here. *Camshaft*, 2025 WL 659092 at *11. Revere's attempts to impermissibly bring in un-pled allegations and flip the standard burden of proof for affirmative defenses do nothing to change this outcome.

Specifically, Debtor's settlement with OCI and the Rule 9019 Declaration by OCI's CEO do not plead Plaintiff out of court with respect to its claim against Revere. "The good faith and notice elements of [a] Section 550(b) defense are heavily intertwined" and, as such, "require a fact-intensive inquiry that is not possible or permissible on [a] pre-discovery motion." *Kossoff*, 2024 WL 1715011 at *5; *see DVI*, 2008 WL 4239120 at *3 (holding that defendant's argument based on affirmative defense "should not be considered in the context of [its] Motion to Dismiss").

Revere's argument that the Debtor's settlement with OCI and release of Chapman somehow negates the bad faith theory is a non sequitur. The Debtor's strategic decision to settle with OCI in exchange for valuable cooperation and information tracing the Alpha Funds does not constitute an admission that all downstream transferees acted in good faith. The settlement reflected a pragmatic assessment of the costs and benefits of litigation against OCI, not an exoneration of every entity in the transfer chain.

Indeed, it is well-established that courts and public policy strongly favor the voluntary resolution of disputes through settlement. *See In re Pitts*, 354 B.R. 58, 65 (Bankr. E.D. Pa. 2006) (collecting cases). To permit Revere to weaponize the OCI settlement against the Debtor would undermine the very policy encouraging compromise and would deter debtors and trustees from entering into beneficial settlements that advance the interests of the estate and its creditors. Revere's argument, if accepted, would create a perverse incentive: parties in the Debtor's position

would be forced to forgo cooperative settlements with upstream transferees—even where such settlements yield critical information and monetary recoveries—for fear that downstream transferees would use the settlement as a sword to defeat meritorious claims. Courts routinely reject such attempts to convert a settling party's pragmatism into an admission of the non-settling party's innocence. *See, e.g.*, *Douris v. Genuardi's Family Markets, Inc.*, 132 F. App'x 425, 427 (3d Cir. 2005); *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526–28 (3d Cir. 1995). Chapman's declaration that Banker "entirely directed and arranged" the fraud on behalf of OCI does not, without more, establish that Revere was unaware of the fraudulent purpose of the transfers it received. Indeed, Chapman's declaration says nothing about what Revere knew or should have known about the source or purpose of the funds. That Revere asserts it did not have sufficient inquiry notice of the fraudulent nature of these transactions based on non-record evidence is not enough to dismiss Plaintiff's well-pled complaint where such a conclusion "is not apparent from the face of the [] Complaint." *Astropower*, 2006 WL 1173853 at *1.

## IV. In the Alternative, Dismissal with Prejudice Would Be Inappropriate Because Any Technical Pleading Deficiencies Could Be Cured with an Amendment.

Plaintiff has explained in detail above the multitude of reasons why Revere's Motion to Dismiss should be denied and the claims in the Complaint be allowed to proceed to discovery. To the extent the Court disagrees with these arguments and dismisses some or all of the claims asserted in the Complaint—which it should not—then such dismissal should be without prejudice, and the Court should allow the Plaintiff leave to amend the Complaint. *See, e.g.*, *ONH AFC CS Investors*, 2026 WL 312892 at *9; *RPA Asset Mgmt. Servs., LLC v. Siffin (In re MTE Holdings LLC)*, 2002 WL 3691822, at *7 (Bankr. D. Del. Aug. 24, 2022).

Federal Rule of Civil Procedure 15(a)(2) provides that, before trial, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P.

15(a)(2). "The court should freely give leave when justice so requires." *Id.* The decision whether to grant or deny leave to amend rests within the Court's discretion, but "[t]he Third Circuit has adopted a liberal approach to the amendment of pleadings." *Arnault v. Diamondhead Casino Corp.*, 277 F. Supp. 3d 671, 674 (D. Del. 2017). "This approach ensures that a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

Leave to amend should be denied only when "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Otherwise, leave to amend should be granted. *See Foman*, 371 U.S. at 182; *U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016).

There is no undue delay or bad faith here, as the case is in its early stages, and should the Court rule against the Plaintiff with respect to this Motion to Dismiss, the Plaintiff will file an amended complaint promptly. Further, amendment to cure any deficiencies the Court may find in the original Complaint would not be futile. An amendment would only be futile "if it will not cure the deficiency in the original complaint, or if the amended complaint cannot withstand a motion to dismiss." *In re PMTS Liquidating Corp.*, 490 B.R. 174, 184 (D. Del. 2013).

Finally, any amendment will not prejudice Revere. Prejudice to the non-moving party is the "touchstone" for denial of leave to amend. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). For purposes of Rule 15, prejudice means that a party is "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Id.* No such prejudice exists here. "[T]o make the required showing of prejudice . . .

[a defendant] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole*, 921 F.2d at 488. "The amount of prejudice needed to justify the denial of leave to amend is significant; it must be substantial or undue. . . . [I]nconvenience to a party or the strengthening of the movant's legal position does not provide sufficient prejudice." *In re Fleming Cos.*, 323 B.R. 144, 148 (Bankr. D. Del. 2005) (citations and internal quotation marks omitted).

**CONCLUSION**

For all these reasons, Plaintiff requests that the Court summarily deny the Defendants' Motion to Dismiss; or alternatively, permit the Plaintiff leave to amend.

Dated: June 10, 2026

**ESBROOK P.C.**

*/s/ Maria Aprile Sawczuk*
Scott J. Leonhardt (DE Bar No. 4885)
Maria Aprile Sawczuk (DE Bar No. 3320)
800 North King Street, Suite 301
Wilmington, DE 19801
Phone: 302.650.7540
Email: scott.leonhardt@esbrook.com
maria.sawczuk@esbrook.com

-and-

Christopher J. Esbrook (*pro hac vice* forthcoming)
Kirk Watkins (*pro hac vice* forthcoming)
321 North Clark Street, Suite 1930
Chicago, IL 60654
Phone: 312.319.7680
Email: christopher.esbrook@esbrook.com
kirk.watkins@esbrook.com

*Special Litigation Counsel to Debtor*