**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pacifica of the Valley Corp.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 26-11060 (TMH)<br><br>**Related to Dk 76** |

**ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley, the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an order (this "Order"): (a) authorizing the Debtor to establish procedures for interim compensation and reimbursement of expenses for Professionals; and (b) granting related relief, all as more fully set forth in the Motion; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, the creditors, and other parties in interest; and the Court

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: Pacifica of the Valley Corporation d/b/a Pacifica Hospital of the Valley (7312). The Debtor's mailing address is 9449 San Fernando Road, Sun Valley, CA 91352.

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All Professionals in these cases may seek compensation in accordance with the following procedures (collectively, the "Compensation Procedures"):

a. On or after the fifth day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and shall serve by electronic mail, where available or where electronic mail is not available, by first-class mail, such Monthly Fee Statement, on: (a) proposed counsel to the Debtor, (w) Dentons US LLP, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Samuel R. Maizel (samuel.maizel@dentons.com); (x) Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: John D. Beck (john.beck@dentons.com) and Geoffrey M. Miller (geoffrey.miller@dentons.com); (y) Pachulski Stang Ziehl & Jones LLP, 919 Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com); (b) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Hannah McCollum, Esq. (hannah.mccollum@usdoj.gov); (c) counsel to any statutory committee appointed in the Chapter 11 Case; and (d) parties entitled to notice in the Chapter 11 Case pursuant to Local Rule 2002-1(b) (each, an "Application Recipient" and collectively, the "Application Recipients"). Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

b. Each Application Recipient will have until 4:00 p.m. (prevailing Eastern Time) 14 days after service of a Monthly Fee Statement to review such Monthly Fee

Statement (the "Objection Deadline"). The Objection Deadline shall be conspicuously noted on the Monthly Fee Statement. Upon the expiration of such 14-day period, if no Application Recipient has filed with the Court a Notice of Objection to Monthly Fee Statement (as defined herein), the applicable Professional may file a certificate of no objection (a "CNO") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Statement. After a CNO is filed with the Court, the Debtor is authorized to pay the Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that is not subject to an Objection pursuant to subparagraph (c) below.

c. If any Application Recipient objects to a Monthly Fee Statement, the objecting party shall, within 14 days of service of the Monthly Fee Statement, serve a written notice upon the respective Professional and each of the Application Recipients (the "Notice of Objection to Monthly Fee Statement") setting forth the precise nature and basis of the objection and the amount at issue. Thereafter, the objecting party and such Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtor shall be authorized promptly to pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. However, if the parties are unable to reach a resolution of the objection within 14 days after service of the Notice of Objection to Monthly Fee Statement (or such longer period as mutually agreed to by the Professional and the objecting party), the objecting party shall file its objection (the "Objection") with the Court within three business days and shall serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, the Professional may either: (i) file with the Court a response to the Objection, together with a request for payment of any portion of the amounts subject to the Objection (the "Disputed Amount"); or (ii) forgo payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.[3]

d. If a Notice of Objection to Monthly Fee Statement is served and the parties resolve their dispute, the parties shall notify the Debtor of the resolution, and the Professional shall file a Certification of Counsel (a "COC") with the Court. After a COC is filed, the Debtor is authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses of the agreed amount; provided that no payment shall be made before the expiration of the Objection Deadline.

e. Each Professional may submit its first Monthly Fee Statement on or after August 5, 2026. This initial Monthly Fee Statement will cover the period from the Petition

---

[3] For the avoidance of doubt, no Professional shall file a CNO or otherwise request entry of an order approving payment of any fees or expenses if any objection has been raised, either formally or informally, and such objection has not been resolved

Date through July 31, 2026. Thereafter, the Professionals may file Monthly Fee Statements in the manner described above.

f. Unless a chapter 11 plan of reorganization or liquidation has become effective, beginning with the period ending on September 30, 2026, and at three-month intervals thereafter (the "Interim Fee Period"), each of the Professionals may file and serve on the Application Recipients an interim fee application (each, an "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period, including any amounts requested but not yet paid in Monthly Fee Statements. Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002. The Interim Fee Application should conform to the requirements of the Local Rules, the Bankruptcy Rules, and §§ 330 and 331 Application Recipients will have 21 days after service of an Interim Fee Application to object thereto (the "Interim Fee Application Objection Deadline"). The Interim Fee Application Objection Deadline shall be conspicuously stated on the respective Interim Fee Application. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including September 30, 2026.

g. The Debtor will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a CNO or COC. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized promptly to pay such Professional all allowed fees (including the 20% holdback) and expenses not previously paid.

h. A pending Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

i. Neither (i) the payment of, or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of, or the failure to file, an Objection to any Monthly Fee Application or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

j. Professionals shall file final applications for compensation and reimbursement (collectively, the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code,

the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. For the avoidance of doubt, neither (i) the failure to file any Monthly Fee Statement or Interim Fee Application, nor (ii) a pending Objection to any amounts sought under any Monthly Fee Statement or Interim Fee Application will hinder, prevent, or delay a Professional from filing a Final Fee Application or seeking amounts for any compensation or reimbursement that is subject to a pending Objection.

3. In each Interim Fee Application and Final Fee Application, all professionals who have been or are hereafter retained pursuant to §§ 327, 328, or 1103, unless such attorney is retained by the Debtor pursuant to any order entered in connection with the retention and compensation of "ordinary course" professionals (such professionals, the "Required Professionals"): (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with §§ 330 and 331 and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court; and (b) if the professional is an attorney, shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in the Chapter 11 Case.

4. Each member of any official committee appointed in the Chapter 11 Case is permitted to submit statements of expenses incurred in the performance of the duties of such committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with the Court in accordance with the Compensation Procedures.

5. The Professionals shall only be required to serve: (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Application on the Application Recipients; and (b) the notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the Clerk of the Court and requested notice of pleadings in the Chapter 11 Case.

6. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Local Rules are satisfied by such notice.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: August 5th, 2026**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**